UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO JOSE PACHECO SENA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER; ALEJANDRO MAYORKAS; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | Case No.: 3:26-cv-1943-JES-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING AS MOOT MOTION FOR IMMEDIATE RELEASE**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Rodolfo Jose Pacheco Sena's ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 10. Petitioner also filed a motion for immediate release. ECF No. 2. Pursuant to the Court's Order to Show Cause (ECF No. 11), Respondents filed a return to the petition, and Petitioner filed a traverse. ECF Nos. 14, 15.

Petitioner is a native of Colombia who came to the United States in order to seek asylum. ECF No. 10 at 3. He entered the United States in December 2024 and was granted parole on January 22, 2025. *Id.*; ECF No. 1-2 at 5-6. After his release, he lived with his sister and husband, and complied with all the conditions of his parole. ECF No. 10 at 3. He

1

was arrested by Immigration and Customs Enforcement ("ICE") when he appeared at a scheduled check-in on October 6, 2025, and has been moved to the Otay Mesa Detention Center, where he is still currently being held. *Id.*

In their return, Respondents acknowledge that Petitioner had prior humanitarian parole. ECF No. 14 at 2. Respondents argue that the bond hearing Petitioner has received already is an adequate remedy for any deficiencies that may have occurred in the revocation of Petitioner's parole, but "acknowledge that this Court, and other Courts in this District, have repeatedly reached the opposite conclusion under similar facts involving DHS's revocation of a noncitizen's humanitarian parole." *Id.* at 3 (citing multiple cases so holding). As such, Respondents state that "the facts here are not materially distinguishable from those cases for purposes of the Court's decision" and that they "defer to the Court as to the appropriate relief." *Id.* at 3-4.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in January 2025. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2-3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2-3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2-3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2-3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220, at *2-3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a

3:26-cv-1943-JES-MMP

Joint Status Report by **June 1, 2026**, confirming that Petitioner has been released. In light of this relief, the Court **DENIES AS MOOT** the motion for immediate release.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 27, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3